UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-62446-BLOOM

PRO FINISH, INC.,

    Appellant,

v.

JOHN A. MOFFA,
Assignee of the Assignment Estate of
ALL AMERICAN TRAILER
MANUFACTURERS, INC.,

    Appellee.
_____/

In re:                                            Bankr. Case No. 12-24619-JKO

ALL AMERICAN TRAILER
MANUFACTURERS, INC,

    Debtor.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon the appeal by Pro Finish, Inc. ("Appellant"). Appellant seeks review of a final order issued by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") granting Appellee's motion to correct a clerical error and reflect dismissal of the underlying bankruptcy case *nun pro tunc* to April 30, 2013. The Court has considered Appellant's Initial Brief, ECF No. [6], Brief of John A. Moffa, assignee for the Assignment Estate of All American Trailer Manufacturers, Inc. ("Appellee"), ECF No. [8], Appellant's Reply Brief, ECF No. [9], and the record in this case. For the reasons that follow, the appeal is denied and the Bankruptcy Court's Order Correcting Clerical Error is affirmed.

## I. BACKGROUND

In 2010, All American Trailer Manufacturers, Inc. (the "Debtor") agreed to build a custom trailer for Appellant. *See* Bankr. ECF No.[21] at 14. The Debtor breached the contract and fraudulently induced Appellant to pay. *See id.* at 4. In March, 2011, Appellant sued the Debtor in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"), *see id.*, and was awarded a judgment against Debtor of $49,928.59 "as damages for breach of contract and fraud." *Id.* at 20 (copy of state court final default judgment).

On June 15, 2012, the Debtor filed for protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing Bankr. Case No. 12-24619 (the "Bankruptcy Case"). Bankr. ECF No. [1]. Appellant was scheduled as Debtor's second largest creditor. Bankr. ECF No. [6].

On March 21, 2013, the United States Trustee (the "UST") filed its Motion to Dismiss or Convert, pursuant to 11 U.S.C. § 1112(b). Bankr. ECF No. [97]. The UST argued that there was no reasonable likelihood of the Debtor's rehabilitation, highlighting that the Debtor had failed to comply with certain basic requirements of proceeding its case under the Bankruptcy Code, such as timely filing Monthly Operating Reports, and that the Debtor had operated with a negative cash flow for the previous several months. *Id.* A hearing on the UST's motion was set for April 30, 2014. Bankr. ECF No. [98].

On April 29, 2013, Lindimar Management Inc. ("Lindimar"), the Debtor's lessor, sought issuance of an emergency Writ of Assistance by the Bankruptcy Court awarding Lindimar immediate possession of the commercial real property occupied by the Debtor. Bankr. ECF No. [103]. The Debtor's lease had been deemed rejected and the Debtor was ordered by the

Bankruptcy Court to surrender the property to Lindimar, *see* Bankr. ECF No. [100], but had not done so.  Lindimar's motion was noticed for a hearing along with the UST's motion to dismiss or convert.  Bankr. ECF No. [104].

On April 30, 2014, the Bankruptcy Court held a hearing on the UST's motion, at which time it was presented to the court that all parties were in agreement on dismissing the case.  *See* ECF No. [2-19] (Apr. 30, 2014 Hr'g Tr.), at 3.  Appellant, along with the Debtor, the UST and Lindimar, was present at the hearing.  *Id*. at 2.  However, Lindimar expressed concern at the possibility that the Debtor's bankruptcy case might be dismissed before the Debtor fully vacated its property by the deadline at 5:00 p.m. that day, rendering the Bankruptcy Court divested of jurisdiction prior to enforcement of the writ of attachment.  *Id*. at 4, 6.  The Bankruptcy Court stated:

> Well, because I'm going to be at the 11th Circuit Judicial Conference from tomorrow morning through the end of the week, I'm going to grant the motion for issuance of a writ of assistance, suggest you not exercise that, Mr. Koroglu [counsel for Lindimar], if things are moving along speedily and, Ms. Scarlett [counsel for UST], I'd ask that you submit the order of dismissal, but I'm not going to enter that for a few days, until we see what happens, okay?

*Id*. at 5-6.  Rather than entering the order presented on the UST's motion to dismiss or convert, on May 1, 2013, the Bankruptcy Court re-noticed the motion for a hearing on June 4, 2013. Bankr. ECF No. [108].

The Debtor failed to comply with the Bankruptcy Court's order to vacate, and secured the leased property to prevent the United States Marshal from restoring Lindimar to possession.  *See* Bankr. ECF No. [109].  On May 1, 2013, Lindimar requested *ex parte* an emergency break order, which, on May 3, 2014, the Bankruptcy Court granted.  Bankr. ECF Nos. [109], [110].

On May 7, 2013, the Debtor executed and delivered an assignment of all of its assets to Appellee.  *See* Bankr. ECF No. [125] ¶ 9.  The next day, Appellee filed the assignment with the

3

State Court. *Id.* ¶ 10.

The Bankruptcy Court held the re-noticed hearing on the UST's motion on June 4, 2014. That hearing contained the following colloquy:

> Ms. Scarlett:   I also have another agreed matter, your Honor. It's Page 25, Number 30, All American Trailer, and just for clarity of the record, your Honor, we did have a hearing on this motion to dismiss, but it was pointed out that the BNC notice – service was not on all creditors, as it should have been, so we did reset the matter for hearing.
>
> Mr. Siegmeister:   If I may, Richard Seigmeister on behalf of the debtor. It did go to the point where we did discuss it, and an order was granted, at least from the Bench, but no order has been signed.
>
> What I might request is that the order be effect as of the date of the last hearing.
>
> The Court:   All right. So, Ms. Scarlett, are you going to give me that order?
>
> Ms. Scarlett:   I will do that, your Honor.
>
> The Court:   All right. Thank you.

Bankr. ECF No. [127] at 4 (Jun. 4 Hr'g Tr. at 3).

On June 11, 2013, the Bankruptcy Court entered an order granting the UST's motion and dismissing the Debtor's Chapter 11 case. Bankr. ECF No. [118] (the "Dismissal Order"). The Dismissal Order did not contain any language indicating that dismissal was effective as of April 30, 2014.

Subsequently, Appellant appeared in the assignment proceeding before the State Court and objected to the assignment filed by Appellee on May 8, 2013, arguing that it violated the automatic stay imposed by Section 362 of the Bankruptcy Code. Bankr. ECF No. [125] ¶ 11. On November 26, 2013, the State Court dismissed the assignment proceeding. *See* ECF No. [3] (May 13, 2014 Hr'g Tr.) at 4.

On April 15, 2014, Appellee filed an emergency Motion to Correct Clerical Error, Bankr. ECF NO. [125], in which he requested that the Bankruptcy Court correct a "clerical error" and

4

clarify that dismissal of the Bankruptcy Case was effective on April 30, 2013. Appellant objected. Bankr. ECF No. [126]. The Bankruptcy Court held a hearing on the motion on May 13, 2014, where it heard argument from both parties. *See* Bankr. ECF No. [132]; May 13, 2014 Hr'g Tr.

On September 2, 2014, the Bankruptcy Court granted Appellee's motion to correct a clerical error and determined that it had dismissed the Bankruptcy Case *nunc pro tunc* to April 30, 2013. Bankr. ECF No. [136] (the "Order on Appeal"). The Bankruptcy Court held:

> It is apparent from the Court's review of the record and the transcripts from both hearings held on the Motion to Dismiss or Convert, that the Court ordered the case be dismissed at the first hearing and reiterated that fact at the second hearing.

Order on Appeal at 3. The Bankruptcy Court explained that it had refrained from entering an order of dismissal after grating the motion to dismiss at the initial hearing, on April 30, 2013, due to issues surrounding the Debtor's ability or willingness to vacate its Lindimar's property by the required deadline. It re-noticed the hearing on June 4, 2013 as a precaution due to a concern (which ultimately proved unwarranted) that service of the UST's motion to dismiss or convert had been deficient. The Bankruptcy Court further noted that the UST specifically requested, at the second hearing, that the order of dismissal be effective as of the date of the initial hearing – and that it had agreed to that request. The Bankruptcy Court determined that its original decision to dismiss the Bankruptcy Case as of April 30, 2013 had not been properly recorded, and that controlling precedent, *Cypress Barn, Inc. v. Western Elec. Co. Inc.*, 812 F.2d 1363 (11th Cir. 1987), permitted issuance of a clarifying *nunc pro tunc* order. *Id*. at 4.

Appellant requested that the Bankruptcy Court reconsider its Order on Appeal. ECF No. [138]. The Bankruptcy Court denied Apellant's motion. ECF No. [139]. On September 21, 2014, Appellant timely filed its notice of appeal. ECF No. [140]. The appeal is fully briefed and ripe for adjudication.

5

## II.　JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to hear this appeal of a final order issued by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).

A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error. *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009) (reviewing court "review[s] the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*"); *Club Associates v. Consol. Capital Realty Investors (In re Club Associates)*, 951 F.2d 1223, 1228 (11th Cir. 1992) ("Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard."); *Lorenzo v. Wells Fargo Bank (In re Lorenzo)*, 518 B.R. 92, 94 (S.D. Fla. 2014) ("The district court reviews the factual findings of a bankruptcy court for clear error, and reviews *de novo* a bankruptcy court's conclusions of law of and application of the law to the particular facts of the case."); FED. R. BANKR. P. 8013 ("[f]indings of fact . . . shall not be set aside unless clearly erroneous). "Under *de novo* review, a Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Mut. Ben. Offshore Fund, Ltd.*, 508 B.R. 762, 769 (S.D. Fla. 2014) (citing *Kaiser Aerospace and Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1295 (11th Cir. 2001)). Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all of the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made." *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).

Additionally, the determination of certain matters are committed to the discretion of the

6

bankruptcy court, and are reviewed for abuse of discretion.  *See*, *e.g.*, *Phillips v. Phillips (In re Phillips)*, 2013 WL 1899611, at *1 (M.D. Fla. May 7, 2013) ("Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion.") (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006)); *Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla. 1991) (same, regarding admission of evidence) (citing *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. 1981)); *Quraeshi v. Dzikowski (In re Quraeshi)*, 289 B.R. 240, 242 (S.D. Fla. 2002) (same, regarding equitable determinations) (citing *Hatcher v. Miller (In re Red Carpet Corp. of Panama City Beach)*, 902 F.2d 883, 890 (11th Cir. 1990)).  The Eleventh Circuit has explained that a bankruptcy court's interpretation of its own orders are accorded significant deference "unless it clearly abused its discretion." *Finova Capital Corp. v. Larson Pharm. Inc. (In re Optical Techs., Inc.)*, 425 F.3d 1294, 1300 (11th Cir. 2005).

"A bankruptcy court abuses its discretion when its ruling is founded on an error of law or on misapplication of the law to the facts." *Park Nat. Bank v. Univ. Ctr. Hotel, Inc.*, 2007 WL 604936, at *1 (N.D. Fla. Feb. 22, 2007).  *See also Amlong & Amlong*, 500 F.3d at 1238 ("A decision that is contrary to the law plainly is an abuse of discretion."); *West v. Smith (In re Cecil)*, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) ("A court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.  In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard.").

### III.   DISCUSSION

The Bankruptcy Court did not abuse its discretion in interpreting its own orders.  As

such, the Order on Appeal is affirmed.

Resolution of this appeal is straightforward. In the Order on Appeal, the Bankruptcy Court held that – by bench ruling both at the initial hearing on April 30, 2013 and again at the re-noticed hearing on June 4, 2013 – it had previously ordered the Bankruptcy Case dismissed as of April 30, 2013. It determined that failure of the Dismissal Order, issued on June 11, 2014, to reference the proper date of dismissal was a clerical error, which could be rectified by issuing *nunc pro tunc* relief.

The Bankruptcy Court's interpretation of its bench rulings was not clearly erroneous. To the contrary – the hearing transcripts support the Bankruptcy Court's interpretation. At the initial hearing, the Bankruptcy Court granted the UST's motion to dismiss the Bankruptcy Case, but determined to delay issuance of an order of dismissal to avoid complicating Lindimar's ability to remove the Debtor from its property. *See* Apr. 30, 2014 Hr'g Tr. at 5-6. That sound decision to delay is completely compatible with dismissal as of the April 30, 2013 date of the hearing and bench ruling. At the re-noticed hearing on June 4, 2014, the Bankruptcy Court agreed that it had already granted the UST's motion to dismiss from the bench and confirmed that dismissal was effective as of the date of the initial hearing. *See* Jun. 4 Hr'g Tr. at 3. The Bankruptcy Court's determination – that it had "ordered the case be dismissed at the first hearing and reiterated that fact at the second hearing" – is firmly supported. Order on Appeal at 3.

The Bankruptcy Court was well within its discretion in determining that the Order of Dismissal was effective as of April 30, 2013. Accordingly, the Order on Appeal is affirmed. *See In re Optical Techs.*, 425 F.3d at 1300 (affording "defer[ence] to the bankruptcy court's interpretation of its order . . . unless it clearly abused its discretion"); *Ranch House of Orange-Brevard, Inc. v. Gluckstern (In re Ranch House of Orange–Brevard, Inc.)*, 773 F.2d 1166, 1168

(11th Cir. 1985) (The "bankruptcy judge who has presided over a case from its inception is in the best position to clarify any apparent inconsistencies in the court's rulings."); *Bombart v. Family Ctr. at Sunrise, LLC*, 520 B.R. 300, 303 (S.D. Fla. 2014) ("A Bankruptcy Court's interpretation of its own orders is entitled to substantial deference and is reviewed under an abuse of discretion standard.").

Further, the relief granted by the Bankruptcy Court in the Order on Appeal was appropriate. Because the Order of Dismissal did not contain a provision making the order effective as of April 30, 2013, the Bankruptcy Court provided *nunc pro tunc* relief. "A nunc pro tunc order merely recites court action previously taken but not properly or adequately recorded." *Cypress Barn, Inc. v. Western Elec. Co. Inc.*, 812 F. 2d. 1363, 1364 (11th Circuit 1987). The circumstances below clearly warranted the *nunc pro tunc* clarification.

### IV.  CONCLUSION

For the foregoing reasons, the Order on Appeal, Bankr. ECF No. [136], is **AFFIRMED**. The Clerk is directed to **TRANSMIT** notice of this Order to the Bankruptcy Court in accordance with all relevant rules and procedures, and is further directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 12th day of January, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record